90/08-5871.DV:tmm

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAYNA DEGRAFF and BRANDON BLANK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.:  1:08 CV 3744 |
| VILLAGE OF LAKEMOOR; WALLACE FRASIER, Chief of the Lakemoor Police Department; Police Officer ANDREW B. HEWETT; and UNKNOWN POLICE OFFICER, | ) ) ) ) ) ) | Judge Kendall

Magistrate Judge Cox |
| Defendant. | ) ) | |

**VILLAGE OF LAKEMOOR, WALLACE FRASIER, CHIEF OF THE LAKEMOOR
POLICE DEPARTMENT, AND POLICE OFFICER ANDREW B. HEWETT'S
<u>ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES</u>**

NOW COME the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER,

CHIEF OF THE LAKEMOOR POLICE DEPARTMENT, and POLICE OFFICER ANDREW

B. HEWETT, by and through their attorneys at Knight, Hoppe, Kurnik & Knight, Ltd., and for

their Answer to the Plaintiffs' Complaint, state as follows:

<u>**INTRODUCTION**</u>

1.      This is a civil action for damages brought pursuant to the United States

Constitution and 42 U.S.C. § 1983 resulting from deprivations, under color of law, of Plaintiffs'

rights under the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution

and for tortuous behavior under Illinois law.

**ANSWER:**  Defendants admit that the Plaintiffs have brought this action pursuant to the

United States Constitution and 42 U.S.C. § 1983 alleging deprivations under color of law of

Plaintiffs' rights under the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution and for alleged tortuous behavior under Illinois law, but deny that the Defendants engaged in the conduct described therein.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over these claims pursuant to Article III, Section 1 of the Constitution and 28 U.S.C. § § 1331, 1343 and 42 U.S.C. § 1983.  Plaintiffs also invoke the pendant jurisdiction of this Court to decide the asserted statutory and common law tort claims pursuant to 28 U.S.C. § 1376(a).

**ANSWER:**  Defendants admit that the Court has jurisdiction over these claims pursuant to Article III, Section 1 of the United States Constitution and 28 U.S.C. § § 1331, 1343, and 42 U.S.C. § 1983.  Defendants also admit that the Court has pendant jurisdiction to decide the asserted statutory and common law tort claims pursuant to 28 U.S.C. § 1376(a).

3.    Venue is properly established in this judicial district pursuant to 28 U.S.C. § 1391(B).

**ANSWER:**  The Defendants admit the allegations contained in paragraph 3.

## THE PARTIES

4.    Shayna DeGraff, Plaintiff, is a citizen of the United States and a resident of Lake County, the State of Illinois.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.    Brandon Blank, Plaintiff, is a citizen of the United States and a resident of Lake County, the State of Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.     Police Officer Hewett, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an Officer of the Village of Lakemoor Police Department. The acts of Defendant, Officer Hewett, which are the subject of this lawsuit, were undertaken in the regular course of his employment for the Village of Lakemoor. He is sued both individually and in his official capacity. Upon information and belief, Defendant, Officer Hewett, is a resident of the State of Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 6.

7.     An Unknown Police Officer, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Village of Lakemoor Police Department. The acts of Defendant, an Unknown Police Officer, which are the subject of this lawsuit, were undertaken in the regular course of his employment for the Village of Lakemoor. He is sued both individually and in his official capacity. Upon information and belief, Defendant, an Unknown Police Officer, is a resident of the State of Illinois.

**ANSWER:** Defendants make no answer to paragraph 7 as it is not addressed to these Defendants.

8.     Wallace Frasier, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, the Chief of the Village of Lakemoor Police Department. As such, he is responsible party for supervising the training, instruction, discipline, control and conduct of Defendant Police Officers. He is also charged with promulgating all orders, rules, instructions and regulations of the Village of Lakemoor Police Department including, but not limited to, those orders, rules, instructions and regulations concerning the use of force and of deadly

- 3 -

weapons.  He also has the authority to approve all weapons to be used by members of the Village of Lakemoor Police Department.  He is sued both individually and in his official capacity.  Upon information and belief, Defendant Police Chief Wallace Frasier, is a resident of the State of Illinois.

**ANSWER:**    Defendants deny that Wallace Frasier is the responsible party for supervising the training, instruction, discipline, control and conduct of the Defendant Police Officers.  Defendants further deny that Wallace Frasier is charged with promulgating all orders, rules, instructions and regulations of the Village of Lakemoor Police Department including, but not limited to, those orders, rules, instructions and regulations concerning the use of force and of deadly weapons.  Defendants further deny that Wallace Frasier has the authority to approve all weapons to be used by members of the Village of Lakemoor Police Department.  Defendants admit that Wallace Frasier was at all times relevant to the incidents which are the subject of this lawsuit, the Chief of the Village of Lakemoor Police Department.  Defendants further admit that Wallace Frasier is sued both individually and in his official capacity.  Defendants also admit that Wallace Frasier is a resident of the State of Illinois.

9.    The Village of Lakemoor is a municipal corporation charged with and responsible for appointing and promoting, through the Mayor of Village of Lakemoor, the members of the Village of Lakemoor Police Department and for the supervision, training, instruction, discipline, control and conduct of the Village of Lakemoor Police Department and its personnel.  At all relevant times, Defendant Municipality, the Village of Lakemoor, had the power, right and duty to control the manner in which the individual Defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the

Village of Lakemoor Police Department were consistent with the Constitution and the laws of the municipality.

**ANSWER:** Defendants deny that the Village of Lakemoor appoints and promotes "through the Mayor", but admit the remaining allegations contained in paragraph 9.

## FACTS COMMON TO ALL COUNTS

10.     On or about July 30, 2007, both Shayna DeGraff and Brandon Blank, Plaintiffs, were lawfully present in an apartment located at 502 Autumn Boulevard, Lakemoor, Lake County, Illinois.

**ANSWER:** Defendants admit that Plaintiffs were present in an apartment located at 502 Autumn Boulevard, Lakemoor, Lake County, Illinois, but are without knowledge or information sufficient to form a belief as to the truth of the allegations that they were "lawfully present".

11.     Without warning, Police Officer Hewett and an Unknown Police Officer of the Village of Lakemoor Police Department burst into the apartment and began questioning the Plaintiffs in the living room.

**ANSWER:** Defendants deny the allegations contained in paragraph 11.

12.     The Plaintiffs, being totally innocent of any wrongdoing, answered the police officer's questions and never at any time attempted to flee or physically resist arrest.

**ANSWER:** Defendants deny the allegations contained in paragraph 12.

13.     The Defendant Officers, Officer Hewett and an Unknown Police Officer, knocked the Plaintiffs, Shayna DeGraff and Brandon Blank, to the floor.

**ANSWER:** Defendants admit that they were required to place Plaintiffs on the floor to gain custody and control over them.

14.     The Defendant Officers, Officer Hewett and an Unknown Police Officer, both became enraged and proceeded to strike the Plaintiffs on various parts of the Plaintiffs' heads, faces and bodies with their batons, knocking the Plaintiffs to the ground and then kicked the Plaintiffs numerous times on or about their bodies.

**ANSWER:**  Defendants admit that it was necessary for Officer Hewett to bring the Plaintiffs down to the ground in the course of the struggle in order to gain control and custody of the Plaintiffs and deny the remaining allegations contained in paragraph 14.

15.     Throughout the incident, the Plaintiffs were unarmed and had no weapon of any kind.

**ANSWER:**  Defendants deny the allegations contained in paragraph 15.

16.     At no point in time during their arrest did the Plaintiffs resist or attempt to fight back.  At no point in time did the Plaintiffs disobey any directive of the officers.

**ANSWER:**  Defendants deny the allegations contained in paragraph 16.

17.     Plaintiffs were severely injured as a result of the incident.  Plaintiffs suffered from numerous medical conditions, including but not limited to bruises over their bodies.  They suffered and continue to suffer great physical, mental and emotional pain and distress as a result of the beating.

**ANSWER:**  Defendants deny the allegations contained in paragraph 17.

18.     On or about July 30, 2007, an anonymous letter was placed in an envelope and taped to the front door of the office of Bruning & Associates.  A copy of the letter is attached hereto and made a part hereof as Exhibit 1.  The letter contains various facts showing a pattern and custom of violence by the Defendant Police Officer Hewett.  Lake and McHenry County Court files corroborate many of the statements made in the July 30, 2007 letter.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that an anonymous letter was placed in an envelope and taped to the front door of the office of Bruning & Associates on or about July 30, 2007. Defendants deny that such letter contains facts showing a pattern and custom of violence of the Defendant Police Officer Hewett. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Lake and McHenry County Court files corroborate many of the statements made in the July 30, 2007 letter.

19.    The letter specifically indicates that the Village of Lakemoor Police Department has conducted "several internal investigations" of Officer Hewett, and that Officer Hewett has a long history of violence not only at the Lakemoor Police Department, but also at the police departments at Hofman Estates, Park City and Waukegan, Illinois.

**ANSWER:** Defendants admit the recitation of the text of the alleged letter but deny any implication that such allegations are fact.

20.    The letter indicates the Chief of the Lakemoor Police Department, (Defendant Wallace Frasier) was aware of Officer Hewett's dangerous and violent propensities, and that he failed to take the appropriate action to protect the public. The letter states: "Why the Chief there [Lakemoor] wants to keep him [Officer Hewett] I would never be able to guess…"

**ANSWER:** Defendants admit to the recitation of the context of the alleged letter but deny any implication that the context of such letter is fact.

21.    Many of the statements in the letter regarding Chief Frasier and Officer Hewett are easily corroborated by affirmative matter in the form of public records. Attached hereto are numerous exhibits with information corroborating the statements in the July 30, 2007 letter and demonstrating Officer Hewett's long and dangerous history of violent propensities. Copies of

Exhibits 2 through 9 are attached hereto and made a part hereof. Exhibits 2 through 9 contain information showing that:

a. "In the past 15 years" Officer Hewett has been under investigation numerous times for police brutality and harassment." Exh. 2, Sworn and Verified Petition for Emergency Order of Protection, December 13, 2004, Lake County case number 04 OP 1454, page 3 of 11;

b. Officer Hewett was convicted of disorderly conduct for threatening to kill Kyle Macko; Exh. 3, Lake County case number 05 CM 1644, Information and Guilty Finding; On or about June of 2005 Officer Hewett was court ordered to undergo an anger management evaluation in Lake County case number 05 CM 1644; Exh. 3, ¶ 8;

c. Officer Hewett was arrested for Domestic Battery against Jean Severin, Exh. 4, ¶ 9; Information and Arrest Warrant in Lake County case number 00 CM 4034;

d. Officer Hewett was arrested for child abduction in Lake County case number 05 CF 1240, Exh. 5, ¶ 14;

e. On or about June 1, 2006, a Petition for Emergency Order of Protection was filed against Officer Hewett, alleging that Officer Hewett threatened to abduct the infant child of fellow Lakemoor Police Officer Pamela L. Merritt, and that Officer Hewett "has a violent history and has been arrested for domestic battery, disorderly conduct, and 2 counts of felony child abduction. He has a history of harassing and stalking the people he splits up with and threatening them", Exh. 6, p. 3 of 11;

f. On June 1, 2006, an Emergency Order of Protection was entered against Officer Hewett based upon the allegations summarized hereinabove, Exh. 7;

g. On June 21, 2006, an Interim Order of Protection was entered against Officer Hewett based upon the allegations summarized hereinabove, Exh. 8; and

h. Officer Hewett was a named defendant in a police brutality case previously pending in the United States District Court for the Northern District of Illinois, Eastern Division, entitled Ricardo Barracks v. Village of Hoffman Estates and Officer Andrew Hewett, et al., 94 CV 2272. Officer Hewett put the barrel of his gun against the head of Mr. Barracks, cocked the trigger and kept yelling that he was going to kill Mr. Barracks. See the Amended Complaint, ¶ 13; Exh. 9.

**ANSWER:** Defendants admit that the Plaintiff has properly recited a portion of the text from the exhibits attached to the Plaintiffs' Complaint but deny that such exhibits corroborate the alleged letter that was taped to counsel's door. Defendants further deny that any exhibits

attached to the Plaintiffs' complaint demonstrate that Officer Hewett has a long and dangerous history of violent propensities. Defendants further deny that the context of such exhibits constitutes truth.

22. The Lakemoor Police Department and the prior Chief of Police of the Lakemoor Police Department were defendants in a police brutality case. In 1999 a complaint was filed against the above defendants in the Western District for the Northern District of Illinois as case number 99 CV 50166. A copy of the First Amended Complaint is attached hereto and made a part hereof as Exhibit 10.

**ANSWER:** Defendants admit that the Lakemoor Police Department and the prior Chief of Police of the Lakemoor Police Department were defendants in a civil case filed in 1999 in the Northern District of Illinois, Western Division. Defendants deny any implication that the allegations contained in the First Amended Complaint attached to the Plaintiffs' Complaint as Exhibit 10 are true.

23. The Lakemoor Police Department, the Chief of the Lakemoor Police Department and Police Officer Andrew B. Hewett are defendants in a police brutality case pending in the Northern District of Illinois. The Complaint involves the beating by Officer Hewett and Officer Free of the Plaintiff, Jesse Neal. The case number is 07 C 3313. Said Complaint was filed on June 13, 2007 and defendants were served on or about July 20, 2007.

**ANSWER:** Defendants admit that the Lakemoor Police Department, the Chief of the Lakemoor Police Department, and Officer Andrew B. Hewett are defendants in a case filed in the Northern District of Illinois. Defendants further admit that said complaint alleges beating by Officer Hewett and Officer Free of the Plaintiff, Jesse Neal. Defendants admit that the case number is 07 C 3313 and that said complaint was filed on June 13, 2007 and that the defendants

were served on or about July 20, 2007.  Defendants deny any implication that the allegations contained in the complaint in case number 07 C 3313 are true.

**COUNT I**
**UNREASONABLE USE OF FORCE IN VIOLATION OF 42 U.S.C. 1983**
**AGAINST DEFENDANT HEWETT AND DEFENDANT,**
<u>**AN UNKNOWN POLICE OFFICER**</u>

24.     Paragraphs 1 through 23 are adopted and incorporated by reference as and for this Count I as though fully set forth herein.

**ANSWER:**  Defendants incorporate by reference, as though set forth fully herein, their answers to the foregoing paragraphs 1 through 23, inclusive, as their answer to this paragraph 24.

25.     Acting under color of law and with the authority of Defendant, the Village of Lakemoor, Defendant Police Officers, Officer Hewett and an Unknown Police Officer, intentionally, negligently and with complete and deliberate indifference for Plaintiffs' rights caused Plaintiffs to be deprived of their constitutional rights, including but not limited to those under the Fourth, Fifth, Sixth and Eighth Amendments by:

    a.  Using a degree of force that was unreasonable under the circumstances, and in violation of Plaintiffs' rights to be free of an unreasonable seizure under the Fourth Amendment;

    b.  Subjecting Plaintiffs to punishment without the benefit of a trial by jury in violation of their rights under the Sixth and Eighth Amendments; and

    c.  Depriving Plaintiffs of their liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of their rights under the Fifth Amendment.

**ANSWER:**  Defendants deny the allegations contained in paragraph 25 inclusive of subparagraphs a. through c.

26.     The Defendants named in this Count I of Plaintiffs' Complaint committed the above-described acts individually while acting under color of state law, without probable cause, and used unreasonable and excessive force to effect the arrest.

- 10 -

**ANSWER:** Defendants admit that at all times relevant, they were acting under color of state law, but deny the remaining allegations contained in paragraph 26.

27.    Both prior to, and during, the course of the arrest of the Plaintiffs, the Defendants used unreasonable force in violation of their due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, and his rights to be free from unlawful searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in paragraph 27.

28.    At the time relevant to this Complaint there was in full force and effect a federal statute under Article 42 of the United States Code and codified at 42 U.S.C. **§§** 1983 and 1988.

**ANSWER:** Defendants admit the allegations contained in paragraph 28.

29.    As a direct and proximate result of the Defendants' actions as stated above, the Plaintiffs have been deprived of their constitutional rights and they have suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:** Defendants deny the allegations contained in paragraph 29.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, CHIEF OF THE LAKEMOOR POLICE DEPARTMENT, and POLICE OFFICER ANDREW B. HEWETT pray that this Court enters judgment in their favor and against the Plaintiffs, SHAYNA DEGRAFF and BRANDON BLANK.

**COUNT II**
**VIOLATION OF 42 U.S.C. § 1983**
**AGAINST DEFENDANT CHIEF FRASIER**

30.    Paragraphs 1 through 29 are adopted and incorporated by reference as and for this Count II as though fully set forth herein.

**ANSWER:** Defendants incorporate by reference, as though set forth fully herein, their answers to the foregoing paragraphs 1 through 29, inclusive, as their answer to this paragraph 30.

31.    The Defendant has a duty to hire police officers that are not a danger to the public.

**ANSWER:**  Defendants deny that Chief Frasier has a duty to hire police officers.

32.    The Defendant has a duty to train and supervise the police officers under his command and to prevent the police officers from committing intentional battery against innocent persons.

**ANSWER:**  Defendants deny the allegations contained in paragraph 32.

33.    On information and belief, it was the pattern and custom of Defendant Frasier to hire and permit police officers with past violent histories to perform the duties of a police officer and to allow a police officer to be put in a situation where they would exercise unnecessary force against members of the public.

**ANSWER:**  Defendants deny the allegations contained in paragraph 33.

34.    Defendant Police Chief, Wallace Frasier, under color of law, intentionally, negligently and with complete and deliberate indifference to Plaintiffs' rights, caused Plaintiffs to be deprived of their constitutional rights including but not limited to the Fourth, Fifth, Sixth and Eighth Amendments, by:

   a. Failing to adequately and properly supervise the training and conduct of the Defendant Police Officers, Officer Hewett and an Unknown Police Officer;

   b. Failing to enforce the laws of Illinois, and the provisions of the Constitution of the United States concerning use of force by officers of the police force while making an arrest; and

   c. Allowing police officers with criminal convictions and violent histories, such as Officer Hewett, to perform the duties of police officers.

**ANSWER:**  Defendants deny the allegations contained in paragraph 34 inclusive of subparagraphs a. through c.

35.    Defendant Police Chief, Wallace Frasier, knew or should have known of the past criminal convictions and the pattern and custom of the past violent history of Police Officer Hewett.  The defendant was served with the policy brutality complaint in the case of *Neal v. The Village of Lakemoor,* 07 C 3313, more fully described in paragraph 23 of this complaint.  The violent history of Police Officer Hewett was listed and described in the *Neal* complaint.

**ANSWER:**  Defendants deny the allegations contained in paragraph 35.

36.    Plaintiffs' injuries and deprivations of constitutional rights were proximately caused by Defendant Police Chief, Wallace Frasier's:

   a.    The inadequate training and supervision of Defendant Police Officers, Officer Hewett and an Unknown Police Officer;

   b.    Failure to enforce the laws of Illinois and with the provisions of the Constitution of the United States;

   c.    Issuance of vague, confusing and contradictory policies concerning the use of force that are inconsistent with the requirements of the Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution; and

   d.    Allowing police officers with criminal convictions and violent histories, such as Officer Hewett, to perform the duties of police officers.

**ANSWER:**   Defendants deny the allegations contained in paragraph 36 inclusive of subparagraphs a. through d.

37.    As a direct and proximate result of the Defendants' actions as stated above, the Plaintiffs have been deprived of their constitutional rights and they have suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:**  Defendants deny the allegations contained in paragraph 37.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, CHIEF OF THE LAKEMOOR POLICE DEPARTMENT, and POLICE OFFICER ANDREW

B. HEWETT pray that this Court enters judgment in their favor and against the Plaintiffs, SHAYNA DEGRAFF and BRANDON BLANK in accordance with the foregoing.

## COUNT III
## VIOLATION OF 42 U.S.C. § 1983
## AGAINST DEFENDANT VILLAGE OF LAKEMOOR

38.     Paragraphs 1 through 37 are adopted and incorporated by reference as and for this Count III as though fully set forth herein.

**ANSWER:**  Defendants incorporate by reference, as though set forth fully herein, their answers to the foregoing paragraphs 1 through 37, inclusive, as their answer to this paragraph 38.

39.     Defendant Municipality, the Village of Lakemoor, under color of law, intentionally, negligently and with complete and deliberate indifference for Plaintiffs' rights, authorized, permitted and tolerated the custom and practice of the unconstitutional and excessive use of force by the Defendant Officers, Officer Hewett and an Unknown Police Officer, of the Village of Lakemoor Police Department and, in particular by Defendant Police Officers, Officer Hewett and an Unknown Police Officer, by failing to:

   a.  Appoint, promote, train and supervise officers of the Village of Lakemoor Police Department who would enforce the laws in effect in the Village of Lakemoor and who would protect the constitutional rights of the people of the Village of Lakemoor and State of Illinois;

   b.  Require Defendant Police Chief, Wallace Frasier, to promulgate procedures and policies for the use of batons that were consistent with the Fourth, Fifth, Sixth and Eighth Amendments of the Constitution;

   c.  By permitting the policy and custom of using unreasonable force to exist and to be followed by the Village of Lakemoor Police Department, thereby proximately causing the deprivation of Plaintiffs' rights under the Fourth, Fifth, Sixth and Eighth amendments to the United States Constitution; and

   d.  Not performing proper background checks on police officers and allowing police officers with criminal convictions and violent histories to perform the duties of police officers.

**ANSWER:**  Defendants deny the allegations contained in paragraph 39 inclusive of subparagraphs a. through d.

40.    The customs, policies and practices that caused the constitutional violations herein alleged include:

      a.    Excessive force of the Village of Lakemoor police officers;

      b.    Mental abuse, oral abuse and oral assaults by the Village of Lakemoor police officers;

      c.    A code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional conduct alleged in this Complaint;

      d.    The filing of false and incomplete police reports to hide criminal and unconstitutional conduct by the officers;

      e.    The willful, wanton and deliberate indifference to conduct proper background investigations before hiring a police officer;

      f.    The willful, wanton and deliberate hiring police officers with criminal histories and violent backgrounds;

      g.    The willful, wanton and deliberate indifference of failure to train, supervise and discipline police officers to prevent unconstitutional and criminal conduct; and

      h.    The failure to deter police officers from engaging in unconstitutional and criminal misconduct through deficient, defective and ineffectual investigatory and disciplinary procedures, as promulgated by the Village of Lakemoor.

**ANSWER:**  Defendants deny the allegations contained in paragraph 40 inclusive of subparagraphs a. through h.

41.    The policies, practices and customs herein complained of are so prevalent and widespread within the Village of Lakemoor Police Department as to put the Village of Lakemoor policy makers on actual and implied notice that such policies existed in full force and effect.

**ANSWER:**  Defendants deny the allegations contained I paragraph 41.

42.    The constitutional violations detailed above were caused in part by the customs, policies and practices of the Defendant, the Village of Lakemoor, as promulgated, enforced and disseminated by the Village of Lakemoor in this case and many other cases.

**ANSWER:** Defendants deny the allegations contained in paragraph 42.

43.    Because of its policies, procedures, patterns, practices and customs, including but not limited to hiring, training, supervising, investigating and disciplining the Lakemoor police officers, said Defendant is liable to the Plaintiffs pursuant to 42 U.S.C. §1983.

**ANSWER:** Defendants deny the allegations contained in paragraph 43.

44.    By acting willfully, wantonly and deliberately indifferent towards the constitutional rights of the Plaintiffs by accepting, monitoring, protecting and encouraging the unconstitutional policies, practices and customs as described above.

**ANSWER:** Defendants deny the allegations contained in paragraph 44.

45.    As a direct and proximate result of the Defendants' actions as stated above, the Plaintiffs have been deprived of their constitutional rights and they have suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:** Defendants deny the allegations contained in paragraph 45.

46.    The Village of Lakemoor knew of the violent past history of Officer Hewett because the Village was served with the complaint more fully described in paragraph 23.

**ANSWER:** Defendants deny the allegations contained in paragraph 46.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, CHIEF OF THE LAKEMOOR POLICE DEPARTMENT, and POLICE OFFICER ANDREW B. HEWETT pray that this Court enters judgment in their favor and against the Plaintiffs, SHAYNA DEGRAFF and BRANDON BLANK in accordance with the foregoing.

## COUNT IV
## FAILURE TO PROTECT FROM THE UNREASONABLE USE OF FORCE IN VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT HEWETT

47.    Paragraphs 1 through 46 are adopted and incorporated by reference as and for this Count IV as though fully set forth herein.

**ANSWER:**  Defendants incorporate by reference, as though set forth fully herein, their answers to the foregoing paragraphs 1 through 46, inclusive, as their answer to this paragraph 47.

48.    The Defendant police officer Hewett was present for and during the unlawful use of force against the Plaintiffs and failed to protect the Plaintiffs from such force, in violation of the Plaintiffs' Fourth Amendment right to be free from unreasonable and excessive force, and the Fourteenth Amendment right to due process.

**ANSWER:**  Defendants admit that Officer Hewett was present for the arrest of the Plaintiffs but deny the remaining allegations contained in paragraph 48.

49.    As a direct and proximate result of the Defendant's actions as stated above, the Plaintiffs have been deprived of their constitutional rights and they have suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:**  Defendants deny the allegations contained in paragraph 49.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, CHIEF OF THE LAKEMOOR POLICE DEPARTMENT, and POLICE OFFICER ANDREW B. HEWETT, pray that this Court enters judgment in their favor and against the Plaintiffs, SHAYNA DEGRAFF and BRANDON BLANK in accordance with the foregoing.

## COUNT V
## FAILURE TO PROTECT FROM THE UNREASONABLE USE OF FORCE IN VIOLATION OF 42 U.S.C. 1983 AGAINST DEFENDANT, AN UNKNOWN POLICE OFFICER

- 17 -

The Defendants make no answer to Count V of Plaintiffs' Complaint as it is not directed towards these Defendants.

## COUNT VI
## ASSAULT AND BATTERY
## IN VIOLATION OF ILLINOIS LAW
## AGAINST ALL NAMED DEFENDANTS

53.    Paragraphs 1 through 52 are adopted and incorporated by reference as and for this Count VI as though fully set forth herein.

**ANSWER:**  Defendants incorporate by reference, as though set forth fully herein, their answers to the foregoing paragraphs 1 through 52, inclusive, as their answer to this paragraph 53.

54.    The above-described beatings by Defendant Police Officers, Officer Hewett and an Unknown Police Officer, on July 30, 2007 constitute an intentional assault and battery against the Plaintiffs under the laws of Illinois.

**ANSWER:**  Defendants deny the allegations contained in paragraph 54.

55.    The Defendants, and each of them, unlawfully touched the Plaintiffs without their consent in violation of Illinois law.

**ANSWER:**  Defendants admit that Officer Hewett touched the Plaintiffs but deny the remaining allegations contained in paragraph 55.

56.    The Defendants committed these unlawful acts willfully and maliciously and with a conscious disregard of the Constitutional rights of the Plaintiffs.

**ANSWER:**  Defendants deny the allegations contained in paragraph 56.

57.    As a direct and proximate result of the Defendants' actions as stated above, the Plaintiffs have been deprived of their constitutional rights and they have suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:**  Defendants deny the allegations contained in paragraph 57.

58.    As a result of the assault and battery upon their persons by Defendant Police Officers, Officer Hewett and an Unknown Police Officer, the Plaintiffs have suffered severe and permanent physical and mental pain and distress.

**ANSWER:**  Defendants deny the allegations contained in paragraph 58.

59.    Defendant Municipality, the Village of Lakemoor, as the employer of Defendant Police Officers, Officer Hewett and an Unknown Police Officer, is liable under the doctrine of respondent superior for the tortuous conduct of the individual Defendants.

**ANSWER:**  Defendants admit the allegations contained in paragraph 59 to the extent that it refers to conduct in the scope of Officer Hewett's employment.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, CHIEF OF THE LAKEMOOR POLICE DEPARTMENT, and POLICE OFFICER ANDREW B. HEWETT, pray that this Court enters judgment in their favor and against the Plaintiffs, SHAYNA DEGRAFF and BRANDON BLANK in accordance with the foregoing.

## COUNT VII
### WILLFUL AND WANTON CONDUCT IN VIOLATION OF ILLINOIS LAW AGAINST DEFENDANT HEWETT AND DEFENDANT, AN UNKNOWN POLICE OFFICER

60.    Paragraphs 1 through 59 are adopted and incorporated by reference as and for this Count VII as though fully set forth herein.

**ANSWER:**  Defendants incorporate by reference, as though set forth fully herein, their answers to the foregoing paragraphs 1 through 59, inclusive, as their answer to this paragraph 60.

61.    The above-described beatings and conduct by Defendant Police Officers, Officer Hewett and an Unknown Police Officer, on or about July 30, 2007, constitute willful and wanton conduct under the laws of the State of Illinois.

**ANSWER:**  Defendants deny the allegations contained in paragraph 61.

62.     Defendant Police Officers, Officer Hewett and an Unknown Police Officer, in beating Plaintiffs several times with their Village of Lakemoor Police Department issued batons acted in an extreme and outrageous manner, intentionally and with reckless disregard for Plaintiffs' welfare, inflicted severe and permanent emotional distress on the Plaintiffs.

**ANSWER:**  Defendants deny the allegations contained in paragraph 62.

63.     The beatings of the Plaintiffs constitute a reckless and careless disregard for their safety, well being and welfare.

**ANSWER:**  Defendants deny the allegations contained in paragraph 63.

64.     As a direct and proximate result of the Defendants' actions as stated above, the Plaintiffs have been deprived of their constitutional rights and they have suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:**  Defendants deny the allegations contained in paragraph 64.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, CHIEF OF THE LAKEMOOR POLICE DEPARTMENT, and POLICE OFFICER ANDREW B. HEWETT, pray that this Court enters judgment in their favor and against the Plaintiffs, SHAYNA DEGRAFF and BRANDON BLANK in accordance with the foregoing.

**COUNT VIII**
**WILLFUL AND WANTON CONDUCT**
**IN VIOLATION OF ILLINOIS LAW**
**AGAINST DEFENDANT CHIEF FRASIER**

65.     Paragraphs 1 through 64 are adopted and incorporated by reference as and for this Count VIII as though fully set forth herein.

**ANSWER:**  Defendants incorporate by reference, as though set forth fully herein, their answers to the foregoing paragraphs 1 through 64, inclusive, as their answer to this paragraph 65.

66.    The conduct of Defendant Police Chief, Wallace Frasier, in failing to properly train, supervise and control the conduct of Defendant Police Officers, Officer Hewett and an Unknown Police Officer, constitutes willful and wanton conduct under the laws of Illinois.

**ANSWER:**  Defendants deny the allegations contained in paragraph 66.

67.    Defendant Police Chief, Wallace Frasier, knew or should have known about the past criminal convictions and violent history of Officer Hewett.  Said defendant was served with the complaint more fully described in paragraph 23 and said complaint lists and describes the violent history of Officer Hewett.

**ANSWER:**  Defendants deny the allegations contained in paragraph 67.

68.    The failure to properly train, supervise and control the conduct of police officer Hewett and an Unknown Police Officer constitutes a reckless and careless disregard for the safety, well-being and welfare of the Plaintiffs.

**ANSWER:**  Defendants deny the allegations contained in paragraph 68.

69.    As a direct and proximate result of the Defendants' actions as stated above, the Plaintiffs have been deprived of their constitutional rights and they have suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:**  Defendants deny the allegations contained in paragraph 69.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, CHIEF OF THE LAKEMOOR POLICE DEPARTMENT, and POLICE OFFICER ANDREW B. HEWETT, pray that this Court enters judgment in their favor and against the Plaintiffs, SHAYNA DEGRAFF and BRANDON BLANK in accordance with the foregoing.

**COUNT IX**
**WILLFULL AND WANTON CONDUCT**
**IN VIOLATION OF ILLINOIS LAW**
**<u>AGAINST DEFENDANT VILLAGE OF LAKEMOOR</u>**

70.    Paragraphs 1 through 69 are adopted and incorporated by reference as and for this Count IX as though fully set forth herein.

**ANSWER:**  Defendants incorporate by reference, as though set forth fully herein, their answers to the foregoing paragraphs 1 through 69, inclusive, as their answer to this paragraph 70.

71.    Defendant Municipality, the Village of Lakemoor, as the employer of Defendant Police Officers, Officer Hewett and an Unknown Police Officer, and Police Chief, Wallace Frasier, is liable for the willful and wanton conduct of the individual Defendants.

**ANSWER:**  Defendants admit the allegations contained in paragraph 71 to the extent that it refers to conduct within the scope of Defendant Hewett's and Frasier's employment.

72.    Defendant Municipality, the Village of Lakemoor, willfully and wantonly caused the above-described injuries by failing to properly hire, train, supervise and control the conduct of Defendant Police Officers, Officer Hewett and an Unknown Police Officer, by failing to train officers of the Village of Lakemoor Police Department to enforce the laws in effect in the Village of Lakemoor and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the use of batons by officers of the Village of Lakemoor Police Department.

**ANSWER:**  Defendants deny the allegations contained in paragraph 72.

73.    The failure to properly hire, train, supervise and control the conduct of Police Officer Hewett and an Unknown Police Officer, constitutes a reckless and careless disregard for the safety, well-being and welfare of the Plaintiffs.

**ANSWER:**  Defendants deny the allegations contained in paragraph 73.

74.     As a direct and proximate result of the Defendants' actions as stated above, the Plaintiffs have been deprived of their constitutional rights and they have suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:** Defendants deny the allegations contained in paragraph 74.

75.     The Defendant Village was well aware of Police Officer Hewett's violent tendencies as said defendant was served with the complaint describing Police Officer Hewett's past history more fully set forth in paragraph 23 of said complaint.

**ANSWER:** Defendants deny the allegations contained in paragraph 75.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, CHIEF OF THE LAKEMOOR POLICE DEPARTMENT, and POLICE OFFICER ANDREW B. HEWETT, pray that this Court enters judgment in their favor and against the Plaintiffs, SHAYNA DEGRAFF and BRANDON BLANK in accordance with the foregoing.

## JURY DEMAND

These Defendants hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

## AFFIRMATIVE DEFENSES OF DEFENDANTS

NOW COME the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, CHIEF OF THE LAKEMOOR POLICE DEPARTMENT, and POLICE OFFICER ANDREW B. HEWETT, by and through their attorneys at Knight, Hoppe, Kurnik & Knight, Ltd., and for their Affirmative Defenses to the Complaint of the Plaintiffs, SHAYNA DEGRAFF and BRANDON BLANK, state as follows:

**First Affirmative Defense**
**(Counts V, VI, VII, VIII and IX)**

The action of the Defendants, Chief Frasier and Officer Hewett, involves the execution and enforcement of the law within the meaning of 745 ILCS 10/2-202 and such conduct cannot be characterized as willful and wanton, thus immunizing the Defendants, Chief Frasier and Officer Hewett; and the Village of Lakemoor is entitled to that same immunity derivatively under § 2-109 of the Act.

**Second Affirmative Defense**
**(Counts VI, VII, VIII and IX)**

To the extent that they were not acting in the execution or enforcement of the law, the actions of the Defendants, Chief Frasier and Officer Hewett, involve the determination of policy or the exercise of discretion within the meaning of 745 ILCS 10/2-201, thus immunizing the Defendants, Chief Frasier and Officer Hewett, and the Village of Lakemoor is entitled to that same immunity derivatively under § 2-109 of the Act.

**Third Affirmative Defense**
**(Counts VIII and IX)**

In connection with Counts VIII and IX, wherein the Plaintiffs allege that the Defendants, Chief Wallace Frasier and the Village of Lakemoor, failed to properly train, supervise, monitor and control their agents and/or employees, the training, supervision, monitoring and controlling of agents and/or employees involve the determination of policy or the exercise of discretion within the meaning of 745 ILCS 10/2-201, thus immunizing the Defendants, Chief Wallace Frazier and the Village of Lakemoor.

**Fourth Affirmative Defense**

The actions of the Plaintiffs by acting in a disorderly manner and interfering with the duties of the above-named police officers, were acts which the Plaintiffs knew could have

resulted in arrest or injury or they acted in conscious disregard for the likelihood that arrests or injury would result.  These acts amounted to willful and wanton conduct and amounted to contributory fault which is more than 50% of the total fault contributing to their injuries and judgment should be entered in favor of these Defendants and against the Plaintiffs. Alternatively, any judgment entered in favor of the Plaintiffs should be reduced by the amount of percentage of the contributory fault of the Plaintiffs.

### Fifth Affirmative Defense
### (Counts I, II, III, IV and V)

The individual Defendants are entitled to qualified immunity as under the totality of the circumstances, no reasonably competent police officer would have concluded that the arrest of the Plaintiffs, Shayna Degraff and Brandon Blank, violated the Fourth, Fifth, Sixth, or Eighth Amendments or that the individual Defendants otherwise acted unconstitutionally in connection with the arrest of the Plaintiffs, Shayna Degraff and Brandon Blank.

WHEREFORE, the Defendants, THE VILLAGE OF LAKEMOOR, WALLACE FRASIER, CHIEF OF THE LAKEMOOR POLICE DEPARTMENT, and POLICE OFFICER ANDREW B. HEWETT, pray that judgment be entered in their favor and against the Plaintiffs, SHAYNA DEGRAFF and BRANDON BLANK, in accordance with the foregoing Affirmative Defenses.

Respectfully submitted,


By:

s/Krista E. Oswald
Krista E. Oswald, One of the Attorneys for Defendant,
VILLAGE OF LAKEMOOR, WALLACE FRASIER,
CHIEF OF THE LAKEMOOR POLICE
DEPARTMENT, and POLICE OFFICER ANDREW
B. HEWETT

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
2860 River Road, Suite 400
Des Plaines, IL  60018-6009
847/298-8000; FAX 847/298-8014
EMAIL: KOswald@khkklaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on September 5, 2008,  the foregoing **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System which will send notification of such filing to the following:

Kevin W. Bruning - kbruning@bruninglaw.com
Andrew Szocka - aszocka@bruninglaw.com


s/Krista E. Oswald
KRISTA E. OSWALD

5871 Answer-Aff Def 08-08-19